**HELLER & EDWARDS**
Lawrence E. Heller, Esq. State Bar No. 69770
9454 Wilshire Blvd., Suite 500
Beverly Hills, California 90212
Tel: (310) 550-8833
Fax: (310) 858-6637

Attorneys for Believe Productions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BELIEVE PRODUCTIONS, INC., a Colorado corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00579-CAS (ASx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED between defendant, Believe Production, Inc., a Colorado corporation, and plaintiff, Brighton Collectibles, LLC, a Delaware limited liability company, through their respective attorneys of record, that the Court may enter a Protective Order containing the following terms and conditions:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal: Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>GOOD CAUSE STATEMENT</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information such as, among other things: the manufacturing and design processes plaintiff uses to make its products; the identity of those manufacturers; product designs, drawings and specifications; the pricing of component parts; information respecting the identity of, and relations with, other vendors; Proprietary and private customer information; and, the pricing of products, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

3. <u>SCOPE OF THIS ORDER</u>

This Protective Order shall be applicable to all information produced by any party or third party (each of which shall be construed as a "party" for purposes of this stipulation and order) and so designated by a party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions or other discovery requests (whether formal or informal), including subpoenas, and all information provided by any party in connection with any pre-trial evidentiary hearings or other pre-trial proceedings conducted during the course of this action.

4. <u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

Any party producing or disclosing information in this action may designate such as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating them in the manner set forth in paragraph 3 below. The designation of

information as "CONFIDENTIAL" shall be limited to information which the disclosing party in good faith believes contains trade secret or other confidential research, confidential development or confidential commercial information. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to extremely sensitive trade secret or other confidential research, development or commercial information which the disclosing party in good faith believes will result in competitive disadvantage if disclosed to another party to this action. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as set forth in paragraphs 5 to 10 below. However, the parties reserve their rights to challenge any such designations in accordance with the provisions of this order. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material.

5. MANNER OF DESIGNATION OF MATERIALS

A party may designate materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a) Documents or Things. "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" treatment may be obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) Interrogatories and Requests for Admissions. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) Testimony. Any party giving, or who gave, testimony in this action, including but not limited to deposition testimony, may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, which testimony is claimed to be CONFIDENTIAL or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." A party also may make the above-referenced designation of confidentiality in writing and within 15 days of the receipt by said party of the transcript of said testimony. In that event, said portion of the transcript will be treated as confidential under the provisions of this order, except that it will not be separately bound. If, during the course of testimony, any party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the testimony is given.

(d) Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of documents or things or answers which are bound or attached together in any manner shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

6. RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

Any information produced in discovery by any party in this action (whether in response to a formal or informal discovery request or in correspondence between the parties), whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

ATTORNEYS' EYES ONLY" may only be used by the recipient of such information in connection with the preparation and trial of this action, and for no other purpose. As used herein, the phrase "preparation for trial and trial of this action" shall mean preparation for, participation in and prosecution and defense of any motion, trial, appeal, hearing, review or other judicial proceeding in the above-entitled action.

7. Except by prior order of this Court after notice to the producing party's counsel, information designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) the attorneys of record herein for the parties and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action;

(b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

(c) parties, officers or employees of the parties, to the extent deemed necessary by their respective attorneys of record for the preparation for trial and trial of this action;

(d) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e) such other persons as may be consented to by the party designating such information as "CONFIDENTIAL" information;

(f) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g) independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action and who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A;

      (h) non-party fact witnesses who are in good faith intended to be called at trial and who have first executed an Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A.  If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance, provided that:  (i) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (ii) such "CONFIDENTIAL" information may only be shown to the witness during the deposition; and

      (i) the Court (including the Court having jurisdiction of any appeal).

8. Except by prior order of this Court after notice to the producing party's counsel, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

      (a) the attorneys of record herein for the parties (other than in-house counsel for the parties or any attorney who is an officer, director, shareholder or employee of any party or its corporate affiliates) and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action.

      (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

      (c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

      (d) such other persons as may be consented to by the party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

      (e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A;

        (f) independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action and who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A; and

        (g) the Court (including the Court having jurisdiction of any appeal).

9. Each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed, other than the Court, shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

        (a) Counsel shall maintain complete lists identifying all persons to whom any information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed and the documents or other information so disclosed, and also shall maintain the written agreements required by paragraphs 5(g), 5(h), 6(e) and 6(f). Such lists and agreements shall be available for inspection by counsel for the other party upon request.

10. The failure of any party to object to the designation of information as "CONFIDENTIAL" or CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

11. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information which that party produces or discloses in this action. The failure of a party producing information to designate such information "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not preclude such party from later applying to the Court for the entry of a Protective Order. Nor shall this Protective Order preclude any party from objecting to the production of information on the ground of undue burden, relevance or any other ground permitted under pursuant to applicable statutory and case law.

12. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15. INADVERTENT PRODUCTION OF PRIVILIGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court

16. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party challenging the other party's designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall comply with the following procedures:

a. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is

being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  c. <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Orders if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any challenge proceeding shall be on the Designating

Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

17. <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

If confidential material is included in any papers to be filed with the court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. The application must show good cause for the under-seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  If a Party's request to file confidential information under seal is denied by the Court the receiving Party may file the information in the public record unless otherwise instructed by the Court.

18. <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

If any party receives a subpoena or document request from a third party which purports to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'  EYES ONLY" by any other party to this action, the party  receiving such subpoena or document request shall immediately:   (a) notify the party who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request, and (b) shall not oppose any effort by the party which designated the material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

19. <u>RETURN OR DESTRUCTION OF DESIGNATED MATERIALS</u>

At the conclusion of this action, including any and all appeals, all documents,

transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, that are in the possession of the parties or their attorneys shall be returned to the attorneys for the party furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed at the conclusion of this litigation.  This Order shall continue to be binding after the conclusion of this litigation.

20. **DURATION**

Once this case proceeds to trial, all of the court-filed information that is to be introduced and was previously designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by factual findings to proceed otherwise are made to the district judge in advance of thee trial.

21. **APPROVAL OF STIPULATION AND ENTRY OF ORDER**

The parties hereby agree to submit this Stipulation to the Court for approval and entry as an Order of the Court.

Respectfully submitted,

DATED:   November 10, 2015      **HELLER & EDWARDS**

By: __/s/:   Lawrence E. Heller__ .
Lawrence E. Heller
Attorneys for Defendant Believe Productions, Inc.

1 | DATED:   November 10, 2015              **BROWN GEORGE ROSS LLP**

By:  /s/:    Keith Wesley                              .
       Keith Wesley
       Attorneys for Brighton Collectibles, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November  16 , 2015               / s / Alka Sagar                              .
       Honorable Alka Sagar
       United States Magistrate Judge

AMENDED STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **Brighton Collectibles v. Believe Productions, Inc., Case No. 2:15-cv-00579-CAS (ASx)**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____City and State where sworn and signed: _____

Printed Name: _____

Signature: _____