UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Brightons: | Attorneys Present for Believes: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Dkt. 148, filed November 20, 2017)

DEFENDANT'S MOTION TO AMEND JUDGMENT (Dkt. 150, filed November 20, 2017)

## I. INTRODUCTION

On November 20, 2017, plaintiff Brighton Collectibles, LLC ("Brighton") filed a motion for attorneys' fees and non-taxable costs pursuant to the Lanham Act, 15 U.S.C. § 1117(a). Dkt. 148 ("Fees Mot."). On the same day, defendant Believe Productions, Inc. ("Believe") filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 154 ("MTA"). In December 2017, the parties filed their respective oppositions and replies to the above-captioned motions. Dkt. 154 ("Fees Opp'n"); Dkt. 153 ("MTA Opp'n"); Dkt. 155 ("MTA Reply"); Dkt. 156 ("Fees Reply"). The Court held a hearing on January 8, 2018. Dkt. 157. On January 19, 2018, Believe filed a supplemental brief regarding attorneys' fees, dkt. 158 ("Fees Supp. Brf."); and Brighton filed a response on January 25, 2018, dkt. 159 ("Fees Supp. Resp."). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On January 26, 2015, Brighton—a designer, manufacturer and retailer of women's fashion accessories—filed a complaint alleging a single claim of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., against Believe, a Denver-based company that publishes product catalogues, which are supplied to schools and distributed by parent–teacher associations for use in student fundraisers. Dkt. 1. Brighton alleged that two products offered for sale in Believe's Fall 2014 catalogue and on its website infringed upon Brighton's "Reno Heart" jewelry design, which was registered with the Copyright Office effective October 20, 2014. Id. On August 30, 2016, the Court granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

Brighton leave to file a First Amended Complaint ("FAC"). Dkt. 38. On September 2, 2016, Brighton filed the FAC, which alleged two additional claims: (1) false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a); and (2) common law unfair competition. Dkt. 40. The gravamen of these claims is that Believe marketed and promoted its infringing products by incorporating photographs of Brighton's jewelry featuring the Reno Heart design into the promotional materials for its lower-quality, less expensive products. Id.

On August 22, 2017, the case proceeded to a jury trial. In the final pretrial conference order, the parties stipulated that because Believe's first sales of the accused products occurred prior to Brighton's registration of the Reno Heart copyright, Brighton would not be entitled to recover statutory damages or attorney's fees under the Copyright Act. Dkt. 102 ("Pretrial Conference Order") at 2. Following a four-day trial, the jury rendered a verdict for Brighton, finding Believe liable on all three claims. Dkt. 138 ("Special Verdict"). Although the jury found that Believe had not engaged in a false designation of origin willfully, it found by clear and convincing evidence that Believe engaged in unfair competition with malice, fraud, or reckless disregard for Brighton's rights. Id. The jury awarded $17.57 in actual damages and $161,383.50 in Believe's profits, but declined to award punitive damages. Id.; Dkt. 142.

## II. MOTION FOR ATTORNEYS' FEES

Brighton seeks an award $336,215 in attorneys' fees and $37,287 in non-taxable costs consisting of expert witness fees pursuant to the Lanham Act, which provides that reasonable attorneys' fees may be awarded to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a).

### A. Recovery of Attorneys' Fees

"[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional . . . exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard." SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014) and citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)). These nonexclusive factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Octane Fitness, 134 S. Ct. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

1756 n.6 (quoting Fogerty, 510 U.S. at 534).  An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756.

In light of the totality of the circumstances presented here, the Court finds that this is an "exceptional case" warranting an award of reasonable attorneys' fees.  Two main factors inform this determination.  First, the substantive strength of Brighton's litigating position was exceptionally clear based on the evidence presented at trial.  Brighton presented demonstrative evidence clearly showing that Believe used pictures of Brighton's Reno Heart jewelry in its catalogues and on its website to market and sell lower-quality and less expensive imitation products.  See Dkt. 148, Declaration of Peter W. Ross ("Ross Decl."), Ex. E.  It is therefore unsurprising that the jury found Believe liable for false designation of origin and unfair competition, and further determined that Believe had engaged in unfair competition with malice, fraud, or reckless disregard for Brighton's rights.

Second, the Court finds that Believe's decision to ignore Brighton's cease-and-desist letter was objectively unreasonable under the circumstances.  Brighton sent the letter on September 14, 2014.  Ross Decl., Ex. B. at 43:20-44:15, 52:18-25.  Believe's owner, John Hammon ("Hammon"), testified that he received it but did not respond for "multiple reasons," mostly because he was "very busy" dealing with school fundraisers, training a new employee, and addressing a personal family matter.  Id. at 35:16-37:25, 88:18-89:2.  Nevertheless, in October 2014, Believe shipped approximately 97,000 catalogues that advertised the infringing products using pictures of Brighton's jewelry designs.  Id. at 88:6-17.  Believe unpersuasively argues that "it was too late" to stop selling the infringing products or to stop shipment of the remaining catalogues.  Fees Opp'n at 5–6.  At the least, Believe could have halted any further sales of the infringing products, but declined to do so.

Both parties argue that each side adopted unreasonable positions during settlement negotiations.  Brighton contends that Believe made "low-ball" offers; and Believe argues that Brighton unreasonably increased its demand at mediation and ignored a final offer immediately before trial.  See Fees Mot. at 9–10; Fees Opp'n at 6–9.  Having reviewed the parties' respective declarations, the Court does not find that either party's conduct during settlement negotiations was objectively unreasonable under the circumstances.  In addition, Believe argues that Brighton abuses the judicial process by targeting its litigation efforts against non-competitor small businesses and by making extortionate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

settlement demands. Id. at 1–2. However, Believe has not presented evidence of such misconduct; and Brighton's settlement demands in this case were not unreasonable. Finally, the Court finds that an award of fees would advance considerations of compensation and deterrence.

### B. Calculation of Attorneys' Fees

When attorneys' fees are awarded under § 1117(a), the amount of the fee award is subject to the court's discretion. Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir. 1984). "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993) (internal citation omitted). In appropriate cases, courts may then adjust the "presumptively reasonable" lodestar figure based upon factors set forth by the Ninth Circuit in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69–70 (9th Cir. 1975) abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992).[1] However, adjustments to the lodestar are "proper only in 'rare' and 'exceptional' cases, supported by specific evidence on the record and detailed findings by the district court." Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987).

#### 1. Reasonably Hourly Rate

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1985). The party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services." Intel, 6 F.3d at 622 (quoting Jordan, 815 F.2d at 1263).

---

[1] The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 69–70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

In support of its request for attorneys' fees, Brighton offers a declaration by its lead counsel, Peter Ross ("Ross"), who describes the education, years of practice, and relevant experience of the attorneys and paralegal seeking a fee award. Ross Decl., Exs. G, H. Ross, a commercial litigator with over 30 years of experience including in the area of intellectual property, billed 164.75 hours at a rate between $625 and $650 per hour. Id. ¶ 18, Ex. H. Keith Wesley, an attorney who has tried over 10 jury cases in the area of intellectual property, billed 372.5 hours at a rate of $525 per hour. Id. ¶ 19, Ex. H. Corbin Barthold has practiced commercial litigation since 2014 and billed 17.25 hours at $475 per hour. Id. ¶ 20, Ex. H. Julissa Backus-Fields served as a paralegal and billed 141.75 hours at a rate of $180 per hour. Id. ¶ 21, Ex. H. Brighton cites numerous cases in the Central District of California in which courts have awarded comparable rates. See, e.g., Amusement Art, LLC v. Life is Beautiful, LLC, No. 2:14-cv-08290-DDP (JPRx), 2017 WL 2259672, at *5 (C.D. Cal. May 23, 2017) (approving fee award in Lanham Act and copyright case with attorney billing rates between $450 and $865 per hour, and paralegal rates between $215 and $380 per hour). Brighton also cites to two cases in the Southern District of California in which courts have awarded comparable rates to several of its attorneys. See, e.g., Brighton Collectibles, Inc. v. RK Texas Leather Mfg., No. 10-CV-419-GPC WVG, 2014 WL 5438532 (S.D. Cal. Oct. 24, 2014); Brighton Collectibles, Inc. v. Coldwater Creek Inc., No. 06-CV-01848-H (POR), 2009 WL 160235, at *4 (S.D. Cal. Jan. 20, 2009).

Believe argues that Ross's affidavit is insufficient to show the hourly rates requested by Brighton are reasonable. Fee Opp'n at 18–19. However, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990). The Court finds that Brighton has presented sufficient evidence demonstrating that the requested rates are reasonable. Believe also objects to Brighton's evidentiary showing because Ross's affidavit did not describe the professional qualifications of one attorney and two paralegals who performed some work on the case. Fee Opp'n at 19. However, Brighton indicates that it is not claiming any fees billed by these individuals. Accordingly, the Court finds that the requested hourly rates are reasonable.

### 2. Hours Expended by Counsel and Costs

"[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

billing records the prevailing party has submitted." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). However, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' " Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). A court may also, under appropriate circumstances, deduct time spent in litigating failed claims. See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 486 (9th Cir. 2015).

In total, Brighton seeks to recover $336,215 in fees based on approximately 555 attorney hours and 142 paralegal hours incurred between January 2015 and October 2017. Believe raises several objections to the number of hours for which Brighton seeks to recover: (1) Brighton cannot recover attorneys' fees incurred prosecuting its copyright infringement claim and failed to apportion hours accordingly; (2) Brighton should not be permitted to recover attorneys' fees and non-taxable costs consisting of expert fees incurred prosecuting its failed claim for actual damages; (3) vague and ambiguous billing entries should be excluded from any fee award. The Court addresses these arguments in turn.

      a.      **Apportionment**

First, Believe notes the parties previously stipulated that Brighton is not entitled to recover attorneys' fees with respect to its copyright claim because Believe's first sales of the infringing products occurred prior to Brighton's copyright registration. See Pretrial Conference Order at 2; see also 17 U.S.C. § 412(2) (precluding an award of attorneys' fees if the copyrighted work is not registered prior to the commencement of the infringement action, unless the registration is made within three months after the first publication of the work). Believe objects that Brighton made no effort to segregate and exclude from its fee request the time spent by its attorneys solely prosecuting the copyright claim. Fee Opp'n at 20.

In Gracie v. Gracie, 217 F.3d 1060, 1069–70 (9th Cir. 2000), the Ninth Circuit held that the recovery of fees pursuant to § 1117(a) is limited to work related to Lanham Act claims and that legal fees incurred in litigating non-Lanham Act claims cannot be awarded unless those claims are found to be so "inextricably intertwined" that it is "impossible" to differentiate between them. However, the "impossibility of making an *exact* apportionment does not relieve the district court of its duty to make *some* attempt to adjust the fee award in an effort to reflect an apportionment." Id. "In other words, apportionment or an attempt at apportionment is required unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." Id. at 1070.

Believe argues that all fees incurred by Brighton in prosecuting its copyright claim prior to amending its original complaint to add a Lanham Act claim should be excluded. Fees Supp. Brf. at 2. In other words, Believe contends that any fees incurred prior to the filing of the FAC on September 2, 2016 solely relate to the copyright infringement claim and are therefore not recoverable. Fee Opp'n at 20. Believe attaches an exhibit identifying all billing entries for the period preceding September 2, 2016, which total $54,717.50. See Dkt. 154-14, Declaration of Lawrence E. Heller ("Heller Decl.") ¶ 17, Ex. M. Brighton, however, maintains there is no reasonable basis to apportion fees because both claims "arise out of a common core of facts." Fee Reply at 10–11 (quoting Creative Computing v. Getloaded.com LLC, 386 F.3d 930, 937 (9th Cir. 2004)). Brighton further argues that the work performed by its lawyers before adding the Lanham Act claim contributed to its overall success, including on the Lanham Act claim, and therefore the fees for the pre-amendment work are recoverable. Fees Supp. Resp. at 2.

Although Brighton's Lanham Act and copyright claims are based on the same underlying facts, the Court finds that apportioning fees based on the filing of the FAC is appropriate in light of 17 U.S.C. § 412(2), the Pretrial Conference Order, and the Ninth Circuit's guidance in Gracie 217 F.3d at 1069–70. Brighton notes that the tasks performed by its lawyers pre-amendment—e.g., service of process, settlement discussions, drafting a Rule 26(f) report, and propounding initial discovery—were all tasks that Brighton would have had to perform if it had alleged a Lanham Act claim alone. Fees Supp. Resp. at 2. Be that as it may, the work performed by Brighton's attorneys and the corresponding fees incurred prior to the filing of the FAC were necessarily limited to Brighton's prosecution of the copyright claim. Accordingly, while the Court agrees that it is impossible to apportion post-FAC fees because the claims are inextricably intertwined, it is appropriate to segregate and deduct Brighton's pre-FAC fees. The Court therefore reduces the fee award by $54,717.50.

### b. Expert Fees

Second, Believe argues that because Brighton failed to convince the jury that it suffered actual damages, the Court should deduct associated attorneys' fees from the lodestar and decline to award the requested non-taxable costs consisting of expert fees. Fee Opp'n at 22. Brighton contends that its pursuit of actual damages was not a "failed" claim because the jury awarded some actual damages and Brighton was otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

successful at trial. Fee Mot. at 12. However, given that the jury awarded a mere $17.57 to compensate Brighton for actual damages, the Court agrees with Believe that the claim effectively failed and an award of fees and costs in pursuing this damages measure should be disallowed under the circumstances. Believe submits a spreadsheet identifying the attorneys' fees associated Brighton's pursuit of actual damages. See Heller Decl., Ex. O. Believe also indicates that the requested non-taxable costs consist of expert fees related to damages calculations. Id., Ex. P. Having reviewed these documents, the Court finds that they appropriately segregate the relevant fees. Accordingly, the Court deducts $46,016.25 from the fee award and declines to award $37,287 in non-taxable costs for Brighton's expert fees. See id.

### b. Vague Entries

Finally, Believe argues that several billing entries providing general descriptions such as "prepare for trial" and "prep trial witnesses" are impermissibly vague and should be disallowed. Fee Opp'n at 22–23; see also Heller Decl., Ex. N. Believe identifies billing entries totaling $134,826.25 that are allegedly fatally vague or have not been shown to have been incurred in furtherance of Brighton's Lanham Act claim. Fees Supp. Brf. at 2–3. However, "[p]laintiff's counsel . . . is not required to record in great detail how each minute of his time was expended." Lytle v. Carl, 382 F.3d 978, 989 (9th Cir. 2004). Here, the Court finds that Brighton's attorneys included sufficient descriptions of their time expenditures to support the requested award of attorneys' fees. Having reviewed the remainder of Brighton's billing records, the Court does not find that other hours expended were "excessive, redundant, or otherwise unnecessary." Van Gerwen, 214 F.3d at 1045.

Accordingly, the Court **GRANTS** Brighton's motion and awards $235,481.25 in attorneys' fees. However, the Court declines to award Brighton the requested non-taxable costs. The Court finds that this fee award is reasonable in light of the work performed by Brighton's attorneys on this case.

### III. MOTION TO AMEND JUDGMENT

Believe moves to amend the judgment pursuant to Rule 59(e) on the ground that the jury made a manifest error in calculating damages. MTA at 3–5. District courts have "considerable discretion" when addressing motions to amend a judgment under Rule 59(e). Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). However, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Wood v. Ryan, 759

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner, 338 F.3d at 1063 (internal quotation marks, citations, and alterations omitted).

Believe indicates that its owner, Hammon, testified at trial that his company had a revenue-sharing agreement with schools around the country by which the schools retained 45 to 50 percent of sales revenues and remitted the balance to Believe, reflecting the company's gross receipts. Hammon also testified and presented spreadsheets showing that the total revenue generated by the sale of the infringing products was $160,234.50, of which Believe received $88,090.66 in gross receipts. MTA at 3–4. The jury, however, awarded Brighton $161,383.50 as a measure of Believe's profits based on the testimony and spreadsheet provided by Brighton's damages expert who analyzed Believe's financial records. Believe argues that the jury failed to apply the Court's instruction that "Defendant's gross revenue is all of the defendant's receipts from the sale" of the infringing products. Dkt. 28 ("Jury Instructions") at 28. Believe contends that this error, resulting in an excessive profits award, is manifestly unjust and should be reduced to $88,090.66. MTA at 4–5.

To establish the amount of the defendant's profits to be disgorged as a measure of damages in a Lanham Act case, the plaintiff "has the burden to prove the defendant infringer's gross revenue from the infringement." Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1075 (9th Cir. 2015). "Then the burden shifts to the defendant infringer to prove expenses that should be deducted from the gross revenue to arrive at the defendant infringer's lost profits." Id. (citing Experience Hendrix v. Hendrixlicensing.com, 762 F.3d 829, 843 (9th Cir. 2014)). "If the infringing defendant does not meet its burden of proving deductible costs, the gross revenue figure stands as the defendant's profits." Id. (citing Russell v. Price, 612 F.2d 1123, 1130–31 (9th Cir. 1979), cert. denied, 446 U.S. 952 (1980)).

Here, the measure of damages for Believe's profits was decided by the jury. Although not raised by the parties, the Court is mindful that the Ninth Circuit recently held that an award of defendant's profits is an equitable remedy, such that the judge, not a jury, generally calculates the amount of profits. See A.V.E.L.A., 778 F.3d at 1075. Nevertheless, neither party in this case objected to the jury deciding the measure of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

damages for Believe's profits. It is also well-established that a judgment should not be reconsidered under Rule 59(e) "absent highly unusual circumstances." 389 Orange Street. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). In addition, the Ninth Circuit recognizes that a "jury award must be upheld if it is supported by substantial evidence." Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (2004). Although Believe argues that the jury's finding demonstrates a manifest error, it is equally possible that the jury relied on the analysis of Brighton's damages expert and doubted the credibility of Hammon's testimony regarding revenue sharing. Because the jury's award is supported by substantial evidence in the form of Brighton's expert testimony, the Court finds no manifest error of fact or law warranting an amendment pursuant to Rule 59(e).

Even if the Court were to treat the jury verdict as advisory, the Court is persuaded that the jury's determination was correct. Brighton presents evidence indicating that Believe, rather than the schools, was the recipient of sales revenues. For example, Brighton proffers an August 19, 2014 transaction receipt showing that the entire sales price of an infringing product was billed to Believe. See MTA Opp'n at 5, Ex. 17. Although Believe presented Hammon's testimony and several spreadsheets he produced, there is no documentary evidence in the record of Believe's revenue-sharing agreements with any schools. Accordingly, the jury's finding that $161,383.50 represented Believe's gross revenues based on infringing product sales is well supported by the record. The burden therefore shifted to Brighton to prove any deductible costs or expenses. The fact that Believe sold infringing products for the benefit of school fundraising efforts does not establish that the funds obtained for the schools were a cost or expense that Believe could properly deduct from its gross revenues. The revenue figure therefore stands as Believe's profits. See A.V.E.L.A., 778 F.3d at 1075.

Accordingly, the Court **DENIES** Believe motion to amend the judgment pursuant to Rule 59(e).

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Brighton's motion for attorneys' fees and **AWARDS** Brighton $235,481.25 in fees. However, the Court declines to award Brighton's requested non-taxable costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:15-cv-00579-CAS(ASx) | Date | March 15, 2018 |
|---|---|---|---|
| Title | BRIGHTON COLLECTIBLES, LLC V. BELIEVE PRODUCTION, INC. | | |

In addition, the Court **DENIES** Believe's motion to amend the judgment pursuant to Rule 59(e).

**IT IS SO ORDERED**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |